Timothy E. Wilfong, Esq.
Law Office of Timothy E Wilfong, LLC
20 S. Main Street
Phoenixville, PA 19460

Phone: (610) 247-1249
Bar Number: 208737

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISON

IN RE:      David L Granacher          :          CASE NO.:  14-17412
            Linda C Granacher

         Debtor(s)                     :          CHAPTER 13

## FOURTH AMENDED CHAPTER 13 PLAN

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN**

A. Payments by the debtor of **$300.62** per month for **60 months**. This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

B. The debtor is responsible for funding the plan.

**2. ADMINSTRATIVE EXPENSES:** The Trustee shall FIRST pay the expenses as prescribed by the Court, for administration of this plan.  Attorney Fees: In addition to the retainer of **$1,190.00** already paid by the debtor, the amount of $**2,310.00** in the plan.

| Name of Creditor | Type | Amount | Monthly Payment | Total Paid |
|---|---|---|---|---|
| **Timothy E. Wilfong, Esquire** | **Attorney's Fees** | **$2,310.00** | **First Funds** | **$2,310.00** |
|  |  |  |  |  |
|  |  |  |  |  |

Trustee Commission: Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

## 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| **Internal Revenue Service** | **$2,570.57** |
|  |  |

## 3. SECURED CLAIMS

A. <u>Adequate Protection Payments under Section 1326</u>: Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payment for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor. Adequate protection payments will terminate upon confirmation of the debtors' Chapter 13 Plan, and any further payments to a creditor previously receiving adequate payments will be governed according to the terms of the confirmed plan.

| Name of Creditor | Account# | Payment | Month of 1st Payment |
|---|---|---|---|
|  |  |  |  |

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained**, until the loan modification is approved**. **SEE SECTION 6. OTHER PLAN PROVISIONS.**

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate Of Interest |
|---|---|---|---|---|
| **Rushmore Loan Management Services** | **56 Ridge Ave Phoenixville, PA 19460** | **$1,908.00** | **$234,762.13** | **As Agreed until loan modification agreement is approved** |
|  |  |  |  |  |

    C.  <u>Arrears</u>: These amounts will be paid in the plan and liens retained until entry of discharge.

| Name of Creditor | Description of Collateral | Pre-Petition Arrears to be Cured | Interest Rate | Total to be paid in Plan |
|---|---|---|---|---|
| **Springleaf Financial** | **2007 Yahmaha 1300** | **$248.24** | **0%** | **$248.24** |
| | | | | |

Confirmation of this plan shall constitute a finding that the Debtor is curing the default on the home mortgage note within a reasonable time within the meaning of 11 U.S.C. Section 1322 (b)(5) and that the plan constitutes the Debtor's best efforts under all the circumstances, and was proposed in good faith, within the meaning of 11 U.S.C. Section 727 (a) (9).

    D.  <u>Secured Claims Paid According to Modified Terms</u>: These amounts will be paid in the plan according to modified terms, and liens retain until entry of discharge.  The excess of the creditor's claims will be treated as an unsecured claim.  A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| Name of Creditor | Description of Collateral | Modified Principal Balance of Claim | Interest Rate | Total to be paid in Plan |
|---|---|---|---|---|
| **Springleaf Financial** | **2007 Yahmaha 1300** | **$3,960.79** | **5.25%** | **$4,208.89** |
| | | | | |
| | | | | |

    E.  <u>Other Secured Claims</u>: To be paid in the plan in the amounts as follows:

| Name of Creditor | Description of Collateral | Modified Principal Balance of Claim | Interest Rate | Total to be paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

F.  Surrender of Collateral:

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

G.  Lien Avoidance. The debtor will move to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |

## 4. UNSECURED CLAIMS

A.  Claims of Unsecured Non-priority Creditors Specially Classified. Includes unsecured claims that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Class | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B. **If any Specially Classified Creditor fails to file a Proof of Claim then the creditor shall be removed from the class and the proceeds shall be paid to the general unsecured creditors according to the terms of the plan.**

C. Claims of General Unsecured Creditors. The debtor estimates that a total of **$6,821.79** be available for distribution to unsecured creditors. The debtor calculates that a minimum of **$0** must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and debtor calculates that a minimum of **$0** must be paid to unsecured, non-priority creditors in order to comply with the means test.

No interest, penalty or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on claims of fully secured creditors in accordance with 11 U.S.C. §506(b)

The automatic stay provisions of 11 U.S.C. Sec 362 remain in effect as to Debtor(s)

B. Funding

**Funding for Unsecured Creditors: Pro rata**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executor contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-Petition Arrears | Total Payment | Assume/Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**6. OTHER PLAN PROVISIONS:**

A. <u>*Loan Modification*</u>: *Debtors shall request a loan modification application for their residence located at 56 Ridge Avenue, Phoenixville, PA 19460 from Rushmore Loan Management Services as soon as practicable, once this Chapter 13 Plan is filed. While the loan modification application is under review, Debtors shall commence direct monthly payments in the amount agreed under the current mortgage terms, which shall serve as adequate protection payments. Once this Honorable Court approves the loan modification agreement, then Debtors shall amend this Chapter 13 Plan and Rushmore Loan Management Services shall amend its proof of claim in accordance with the terms of the loan modification agreement, if necessary. If the Parties fail to enter into a loan modification agreement by December 31, 2015, then Debtors shall either surrender their residence to the Mortgagee or voluntarily withdraw their Chapter 13 petition which would allow the Mortgagee to seek remedies under state law.*

B. <u>*Inheritance*</u>: *Debtor(s) have the option to voluntarily withdraw from the Chapter 13 should he receive his pending inheritance without turning over any funds from the inheritance to the bankruptcy Trustee or for the benefit of the creditors. However, should the Debtor(s) choose to not voluntarily withdraw from the Chapter 13 Bankruptcy, then any non-exempt inheritance received shall be paid into plan, limited to the amount needed to satisfy the claims of creditors, according to the Chapter 13 Plan's order of distribution.*

**7. ORDER OF DISTRIBUTION:**

Level 1: Debtor attorney's fees
Level 2: Domestic Support Obligations
Level 3: Priority claims, pro rata
Level 4: Secured claims, pro rata
Level 5: Specially classified unsecured claims
Level 6: General unsecured claims, pro rata
Level 7: Approved untimely filed unsecured claims

**8. REVESTING OF PROPERTY:**

Upon confirmation of this plan, title of the property of the estate shall vest in the Debtor(s)

**9. DISCHARGE:**

Upon completion of this plan, all debts listed in the Debtor's Chapter 13 Statement, except those excepted by 11 U.S.C. Section 1328(a)(1) or (a)(2) shall be discharged.

Dated: 07/20/2015

/s/ Timothy E Wilfong
_____
Timothy E Wilfong, Esq.
Attorney for Debtor(s)