

15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888-699-5600 toll free
949-341-0777 local
949-341-2200 fax
www.rushmorelm.com

June 14, 2016

DAVID L. GRANACHER
LINDA C. GRANACHER
56 RIDGE AVE
PHOENIXVILLE, PA 19460

Re: Rushmore Loan Management Services LLC #7600024052
Property Address: 56 RIDGE AVENUE, PHOENIXVILLE, PA 19460

Dear DAVID L. GRANACHER and LINDA C. GRANACHER,

Enclosed are two identical original Loan Modification Agreements that we have prepared pursuant to your discussions with your loss mitigation representative from Rushmore Loan Management Services LLC. Please review the Loan Modification Agreements carefully. If the documents are consistent with the negotiations you had, please sign the documents **in black ink, in the presence of a notary** and keep one for your records and return one signed original to Rushmore Loan Management Services LLC in the envelope provided within **14** days of delivery date. *Please sign your name exactly as it is printed under the signature line.*

**Please note that your total payment, including an escrow portion of $323.83 will be $2,588.37 and is due on *July 1, 2016*.

**Advice to Consult with Counsel:**
YOU ARE STRONGLY ENCOURAGED TO CONSULT WITH YOUR OWN LEGAL COUNSEL TO DETERMINE THE LEGAL EFFECT OF THE ENCLOSED AGREEMENT.

If you wish to reinstate or pay-off your loan, or have any questions regarding the Loan Modification Agreement please contact Rushmore Loan Management Services LLC directly at 1-888-504-6700.

Very truly yours,

Rushmore Loan Management Services LLC



Mortgage Cadence Document Center © 10239 03/15      1 of 2

## STATE SPECIFIC NOTICES

**The following notice applies to California residents only:**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (382-4357) or www.ftc.gov.

**The following notice applies to Colorado residents only:**

Please note: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/. Please be advised that you can reach the Colorado Foreclosure Hotline at 1- 877-601-HOPE (601-4673).

Local Rushmore Loan Management Services LLC Agent for Colorado Residents:

Irvin Borenstein
13111 E. Briarwood Ave. Ste #340
Centennial, CO 80112

**The following notice applies to Massachusetts residents only:**

Notice of IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

## ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.



*76002452*
Mortgage Cadence Document Center © 10239 03/15          2 of 2

**After Recording Return To:**
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**
**1-888-504-6700**

**This Document Prepared By:**
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**

Parcel ID Number: **15-12-137**

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$236,060.00**                                                 Loan No: **7600024052**

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this **14th** day of **June, 2016**, between **DAVID L. GRANACHER and LINDA C. GRANACHER, HUSBAND AND WIFE** ("Borrower") and **Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **October 21, 2008** and recorded in Book/Liber **7555**, Page **1982**, Instrument No: **10889329**, of the Official Records of **CHESTER County, PA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**56 RIDGE AVENUE, PHOENIXVILLE, PA 19460**,
(Property Address)
the real property described being set forth as follows:

**SEE ATTACHED LEGAL DESCRIPTION - EXHIBIT A**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **June 14, 2016**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$365,894.54**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.000%** from **June 01, 2016**, and Borrower promises to pay monthly payments of principal and interest in the amount


*7600024052*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Pennsylvania                Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8862 08/14                                                                          (page 1 of 6)

of U.S. **$2,264.54** beginning on the **1st** day of **July, 2016**. If on **November 1, 2038** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Pennsylvania    Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8862 08/14    (page 2 of 6)

        Instrument are expressly reserved by Lender.

(c)     Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)     All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)     Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)     Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

        Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

        By checking this box, Borrower also consents to being contacted by text messaging [ ].


*760024052*

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Pennsylvania     Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8862 08/14     (page 3 of 6)

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
DAVID L. GRANACHER  -Borrower

_____ (S
LINDA C. GRANACHER  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

COMMONWEALTH OF PENNSYLVANIA, _____Chester_____ County ss:

On this, the 21st day of June, 2015, before me, the undersigned officer personally appeared David L. Granacher and Linda C. Granacher, _____,
satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument and acknowledged that he/she/they executed the same for the purpose herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires: 10-13-2017

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DONALD M. DiIANNI, Notary Public
East Pikeland Twp., Chester County
My Commission Expires October 13, 2017

_____
Signature of Notary

_____
Title of Officer

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **185729**

*7 6 0 0 2 4 0 5 2 *
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Pennsylvania
Mortgage Cadence Document Center © 8862 08/14

Form 3179 1/01 (rev. 4/14)
*(page 4 of 6)*

**Rushmore Loan Management Services LLC**

By: _____ (Seal) - Lender
Name: _____Kevin Kidd_____
Title: _____Vice President_____

_____6-24-16_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

_____, _____ County ss:

On this, the ____ day of _____, 20____, before me, the undersigned officer, personally appeared

_____, the _____ of

_____,
satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument and acknowledged that he/she/they executed the same for the purpose herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires:_____

_____
Signature of Notary

_____
Title of Officer



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Pennsylvania        Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8862 08/14                                                 (page 5 of 6)

# CERTIFICATE OF RESIDENCE

I, **Kevin Kidd**, **Vice President**
_____
Agent of Lender

do hereby certify that the precise address of the within-named lender is:

**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road,**
**Irvine, California 92618**

Witness my hand this 24 day of June, 2016.

_____
Signature of Agent of Lender       Kevin Kidd
                                   Vice President

*76000240 52*

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Pennsylvania    Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8862 08/14    (page 6 of 6)

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **7600024052**

FHA/VA Case Number:

Borrower(s):   **DAVID L. GRANACHER and LINDA C. GRANACHER**

Property Address:   **56 RIDGE AVENUE, PHOENIXVILLE, PA 19460**

Servicer:   **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this 14th day of **June, 2016**.

_____ (Seal)
**DAVID L. GRANACHER** -Borrower

_____ (Seal)
**LINDA C. GRANACHER** -Borrower


Mortgage Cadence Document Center © 9572 08/13


Errors and Omissions/Compliance Agreement

ALL THAT CERTAIN frame messuage and lot of land known as number 56 Ridge Avenue. Situate in the Sixth Ward of the Borough of Phoenixville, County of Chester and State of Pennsylvania, being lot marked number 27 on an unrecorded plan of town lots laid out by Mahlon Miller and Daniel Latshaw, bounded and described as follows: -

BEGINNING at a corner of Lot No. 28, now or late lands of John Geiser, line with the Southwestern side of Ridge Avenue, formerly known as First Avenue, laid out 40 feet wide; thence along said lands now or late of John Geiser in a Southwesterly direction for a distance of 200 feet to a corner on the side of Pennsylvania Avenue, formerly known as Second Avenue, laid out 60 feet wide; thence along the Northeasterly side of Pennsylvania Avenue in a Northwesterly direction for a distance of 50 feet to Lot No. 26, lands now or late of William H. Stoll; thence along the latter lands in a Northeasterly direction for a distance of 200 feet to the Southwestern side of Ridge Avenue aforesaid; thence along the said side of said latter Avenue in a Southeasterly direction for a distance of fifty foot to the place of Beginning

Containing 10,000.00 Square feet of land, be the same more or less.

For Informational Purposes Only:

The improvements thereon being known as 56 Ridge Avenue, Phoenixville Pennsylvania 275CD.

BEING all and the same lot of ground which by Deed dated July 24 1987, and recorded July 28, 1987 among the Land Records of Chester County, Pennsylvania in Liber No. 841, folio 203, was granted and conveyed by Nicholas Krill, unto David L. Granacher and Linda C. Granacher.

Parcel No.: 15-12-137

EXHIBIT A - LEGAL DESCRIPTION

ELTC LLC    12/04/2008 01 27P    10889329
Page 2 of 9
B-7555 P-1982